**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000636
12-DEC-2023
08:01 AM
Dkt. 71 SO**

NOS. CAAP-21-0000636 AND CAAP-22-0000176

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JORDAN LEANO-CASTRO, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-21-0000546)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

In this consolidated appeal, Defendant-Appellant Jordan Leano-Castro (**Leano-Castro**) appeals from the October 13, 2021 Judgment of Conviction and Probation Sentence; Notice of Entry (**Judgment of Conviction**) and the March 14, 2022 Order Denying Defendant's Motion to Correct Illegal Sentence (**Order Denying Motion to Correct**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] Leano-Castro challenges, *inter alia*, the November 9, 2021 Free Standing Order of Restitution (**Restitution Order**).

---

[1] The Honorable Rowena A. Somerville presided.

On October 13, 2021, Leano-Castro was convicted of Unauthorized Entry into Motor Vehicle in the First Degree (**Unauthorized Entry**), in violation of Hawaii Revised Statutes (**HRS**) § 708-836.5 (2014).[2]  The Circuit Court initially sentenced Leano-Castro to four (4) years probation, subject to mandatory/special conditions, including:  (1) serve one year in jail, with credit for time served, subject to early release into a residential substance abuse treatment program; (2) pay $816.23 in restitution; and (3) "zero tolerance" probation.[3]  After various post-sentencing developments and proceedings, on January 19, 2023, the Circuit Court issued an Order of Resentencing Revocation of Probation; Notice of Entry (**Order of Resentencing**), resentencing Leano-Castro to four (4) years probation, subject to special conditions, including:  (1) serve a term of imprisonment of one year, with credit for time served, subject to early release upon Leano-Castro's acceptance and entry into a

---

[2]     HRS § 708-836.5 states:

> **§ 708-836.5  Unauthorized entry into motor vehicle in the first degree.**  (1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.
>      (2) Unauthorized entry into motor vehicle in the first degree is a class C felony.

[3]     The October 13, 2021 Judgment of Conviction contains 21 special conditions of probation.

residential substance abuse program, and (2) pay a free standing order of restitution in the amount of $816.23.[4]

In these consolidated appeals, Leano-Castro raises two points of error, contending that the Circuit Court erred in: (1) ordering restitution because Leano-Castro did not scratch the driver's door as claimed by the complaining witness (**CW**); and (2) denying Leano-Castro's motion to correct his initial sentence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Leano-Castro's points of error as follows:

(1) Leano-Castro asserts that there is insufficient evidence to order him to pay $816.23 in restitution under HRS § 706-646 (Supp. 2022).[5] Generally, a court shall order a

---

[4]    The Honorable Trish K. Morikawa presided.

[5]    HRS § 706-646 states, in pertinent part:

> **§ 706-646  Victim restitution.**
> . . . .
> (2)   The court shall order the defendant to make restitution for reasonable and verified losses suffered by the victim or victims as a result of the defendant's offense when requested by the victim.  The court shall order restitution to be paid to the crime victim compensation commission if the victim has been given an award for compensation under chapter 351.  If the court orders payment of a fine in addition to restitution or a compensation fee, or both, the payment of restitution and compensation fee shall be made pursuant to section 706-651.
> (3)   *[Subsection effective until December 31, 2023 . . . .]* In ordering restitution, the court shall not consider the defendant's financial ability to make restitution in determining the amount of restitution to order.  The court, however, shall consider the defendant's financial ability to make restitution for the purpose of establishing the time and manner of payment.  The court shall specify the time and manner in which restitution is to
> (continued...)

3

defendant to pay restitution for losses suffered by the victim as a result of the defendant's offense when requested by the victim. See HRS § 706-646(2). In State v. DeMello, the Hawaiʻi Supreme Court affirmed that § 706-646(2) imposes four requirements before restitution must be awarded, the victim's losses must be: (1) reasonable, (2) verified, (3) suffered as a result of the defendant's conduct, and (4) requested by the victim. 136 Hawaiʻi 193, 196, 361 P.3d 420, 423 (2015). Leano-Castro argues that the Circuit Court egregiously erred by finding that requirement (3) was established by a preponderance of the evidence, and that the evidence presented by the State was insufficient to meet their burden of proof regarding requirements (1) and (2).

Here, CW informed responding Honolulu Police Department (**HPD**) officers that the scratch was not there prior to Leano-Castro's unlawful entry, as evidenced by a body-cam video. CW was away from his vehicle for roughly one-hour and fifteen minutes. Security camera footage did not capture any other

---

[5](...continued)
be paid. While the defendant is in the custody of the department of public safety, restitution shall be collected pursuant to chapter 353 and any court-ordered payment schedule shall be suspended. Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses, including but not limited to:
    (a)   Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;
    (b)   Medical expenses, which shall include mental health treatment, counseling, and therapy;
    (c)   Funeral and burial expenses; and
    (d)   Lost earnings, which shall include paid leave.

person in the immediate vicinity of CW's vehicle. Although Leano-Castro elicited evidence that he did not have any tools or sharp objects on him when he was arrested, "it is within the province of the trier of fact to weigh the evidence and to assess the credibility of the witnesses, and this court will refrain from interfering in those determinations[.]" Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 117-18, 58 P.3d 608, 628-29 (2002) (citation omitted). Viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence to support an award of restitution. See State v. Phillips, 138 Hawaiʻi 321, 352, 382 P.3d 133, 164 (2016); State v. Kelly, CAAP-18-0000054, 2020 WL 3124586, *1 (Haw. App. June 12, 2020) (SDO), and State v. Foumai, CAAP-17-0000093, 2018 WL 495679, *1 (Haw. App. Jan. 22, 2018) (mem. op.).

Leano-Castro further argues that the amount of restitution ordered by the Circuit Court was not reasonable or verified because the CW produced only one estimate. Leano-Castro provides no support for this argument. We conclude it is without merit.

(2) Leano-Castro argues that the Circuit Court erred and abused its discretion in denying the motion to correct his initial sentence, contending that the "zero tolerance" probation condition was unauthorized and otherwise impermissible. However, the court later issued the Order of Resentencing on January 19,

2023, without the challenged probation condition. We can no longer grant effective relief. Therefore, the issue is moot. See Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007).

Leano-Castro argues the "zero tolerance" condition qualifies under the "capable of repetition, yet evading review" exception to the mootness doctrine. However, the fact remains that the only relief available would be resentencing without that particular condition, which was done here. We decline to follow Leano-Castro's hypotheticals as to what might happen under different re-sentencing circumstances and decline to address such speculative circumstances in the context of this appeal. Leano-Castro's arguments that public policy exception and/or the collateral consequences exception apply are equally unpersuasive.

For these reasons, the Circuit Court's October 13, 2021 Judgment of Conviction and November 9, 2021 Restitution Order are affirmed; the appeal from the March 14, 2022 Order Denying Motion to Correct is dismissed as moot.

DATED: Honolulu, Hawaiʻi, December 12, 2023.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge